By the Court. Sandford, J.
The evidence in the court below, was entirely insufficient to warrant a judgment against the defendants. It is however contended by the plaintiff, that the default of the defendants to appear, dispensed with full proof; and that this court will not weigh the evidence.
1. As to the latter point, we are required by the code, to give judgment according to the justice of the case. (Section 317.) The principle laid down in Stryker v. Bergen, (15 Wend. 490,) is therefore applicable ; and a material defect of proof is fatal to the judgment below.
2. The marine court, although for some purposes a court of record, is not authorized to give a judgment upon a default, without proof of the plaintiff’s demand. The statute creating the court provides, (2 R. L. 386, § 122,) that upon the return of a summons served, the court shall proceed to hear and examine the proofs and allegations of the parties. No distinction is made between cases in which the defendant appears, and those in which he makes default. The court, in all alike, is to hear *223 and examine the proofs, and give judgment thereon agreeable to law and equity.
So in the statute relative to courts held by justices of the peace, (2 R. S, 242, § 92,) whenever the defendant neglects to appear, on personal service of the summons, the justice is to proceed and must hear the proofs and allegations of the plaintiff, and determine the same according to law and equity.
The same provision has been embraced in every act for the recovery of small debts from 1787 to the revised statutes, and in the same language, except that in the acts prior to the revised statutes, the justice was directed to hear the proofs, &c., of the parties. And under those statutes, while the supreme court exercised a direct appellate jurisdiction, it uniformly reversed, where there was a defect of proof, or where the recovery was for a different cause of action from that declared upon. Some of the prominent cases are cited by Bronson, J. in 15 Wend. 491, and they are very numerous.
It suffices to say that they establish most fully, that the default of the defendant to appear, concedes nothing in favor of the plaintiff’s demand, and that his claim must be sustained by proof.
Judgment set aside and new trial ordered in the court below.