## NEW YORK COMMON PLEAS.

### JOHN W. PORTER agt. HENRY G. BRONSON.

The *recital* of *jurisdictional facts* in a judgment roll of a court of record is *not conclusive*. It is *prima facie* and presumptive evidence of its truth, but may be controverted and disproved. Thus, a defendant is not concluded by a recital in a judgment record which avers that process was duly served on him, from showing that he was not served with process.

The unauthorized appearance of an *attorney of the supreme court,* for a defendant not served with process, will not confer jurisdiction on the *marine court* of the city of New York, so as to prevent the defendant from going into the merits of the original controversy, in an action on the judgment rendered by the marine court.

The *marine court* is not a court of record for all purposes, and attorneys at law, as such, belong only to courts strictly courts of record, except when otherwise expressly provided by statute.

*New York General Term, July,* 1865.

DALY, BRADY *and* CARDOZO, *Judges.*

APPEAL from a judgment at special term.

By the court, CARDOZO, J. I understand the rule to be well settled that the recital of jurisdictional facts in the judgment roll of a court of record is not conclusive. It is *prima facie* and presumptive evidence of its truth, but

may be controverted and disproved. Therefore, when the record of a court of record asserts that process was duly served upon the defendant, the fact is presumptively, and in the first instance established, but the defendant is not concluded thereby, and may prove that he was not served with process.

In *Hatcher* agt. *Rocheleau* (18 *N. Y.* 92), Judge Denio, speaking of a record of the circuit court of Adams county, in the state of Mississippi, says: "There is no ground for alleging that the record does not show jurisdiction of the defendant's person. It states that the *alias* summons was returned executed, that is, served, and also that the defendant appeared by attorney. This would be sufficient in a court of limited jurisdiction. In a court of general jurisdiction, such as this was, it is unnecessary to prove that the defendant was served with process, or appeared in court, though the defendant is at liberty to controvert those facts."

Judge Strong, in the same case, referring to the allegations in the record that the summons was executed by service on the defendant, and that the defendant appeared by attorney, says: "The statement of either of these facts would be sufficient evidence in the first instance that the person of the defendant was subject to the jurisdiction of the court."

In *Hard* agt. *Shipman* (6 *Barb.* 621), Justice Paige says: "The jurisdiction of a court, whether of general or limited jurisdiction, may be inquired into, although the record of the judgment states facts giving it jurisdiction. The record is never conclusive as to a recital or the statement of a jurisdictional fact, and the defendant is always at liberty to show a want of jurisdiction, although the record avers the contrary. No court or officer can acquire jurisdiction by the mere assertion of it, or by falsely alleging the existence of facts on which jurisdiction depends." * * * "But the record of a court of general jurisdiction

of either this or any other state of the union, if it state facts giving the court jurisdiction, is *prima facie* evidence to prove the jurisdiction of the court (6 *Wend.* 477). And such record, when the jurisdiction of the court is established, is conclusive upon the parties thereto, and their privies, as *to every fact stated in it, except such as are jurisdictional.*" (*See also Noyes* agt. *Butler*, 6 *Barb.* 613; *Harrington* agt. *The People, Id.* 607.) Therefore, even if the judgment of the marine court had the same effect as the judgment roll of a court of record, the defendant Bronson was still at liberty to show that he had not been served with process, and had not appeared in the action. He made a distinct offer to show that he had not been served with process, which the court refused to allow him to do. Perhaps this offer standing alone, unaccompanied with an offer to show that he had not appeared in the action, might be irrelevant, since it was not claimed that he had been served, but only that he had appeared by attorney. He offered, however, subsequently, to prove that he never appeared in the action, and that he never authorized any one to appear for him. This was also objected to and excluded.

I think the exclusion of this evidence, when considered in connection with the offer to show, and the concession of the fact, that the defendant had not been served with process, was error. The question of jurisdiction of the defendant's person was, as I have shown, open to evidence, even to contradict the record of a court of record. But subsequently, the defendant was permitted to introduce certain affidavits, which had been used on a motion to open the judgment, by which it appeared that he had not been served with process, and had never appeared or authorized an appearance for him, or on his behalf. Perhaps, therefore, the error of excluding the testimony above mentioned was cured. This question however remains: whether the unauthorized appearance of an attorney of the supreme court

for a defendant not served with process, will confer jurisdiction on the marine court, so as to prevent the defendant from going into the merits of the original controversy, in an action on the judgment, rendered by the marine court? That such unauthorized appearance will not confer such jurisdiction on the marine court, must, I think, be deemed settled by authority. The marine court is not a court of record for all purposes, and attorneys at law, as such, belong only to courts strictly courts of record, except when otherwise expressly provided by statute. (*Wheaton* agt. *Fellows*, 23 *Wend.* 375; *Carter* agt. *Dallemore*, 2 *Sand. S. C. R.* 222; *Huff* agt. *Knapp*, 1 *Seld.* 66; *Lester* agt. *Redmond*, 6 *Hill*, 590; *Lord* agt. *Babcock*, 1 *Duer*, 158; *Fox* agt. *Jackson*, 8 *Barb.* 356; *Bailey* agt. *Delaplaine*, 1 *Sand.* 11.) The case of *Allen* agt. *Stone* (10 *Barb.* 547), cited by the respondent, does not bear on the present question. In that case the defendant had been served with process. It may be that the act to reduce the several acts relating to the district courts in the city of New York into one act, passed April 13, 1857, makes attorneys at law officers of those courts (*see* §§ 9 *and* 10). I express no opinion on that point. But be that as it may, there is no such provision in any statute respecting the marine court.

If, therefore, the error in excluding the defendant's offers of testimony above mentioned, were cured by the subsequent admission of the affidavits, this judgment is still erroneous, because the defendant, not being affected by the judgment in Quinlan's suit, should have been permitted to go into the merits of the original controversy between Quinlan and Van Schaick and Bronson, and to show, as he offered to do, that " he never wrongfully, or otherwise, withheld or retained any money collected by him as attorney, or otherwise, due to or belonging to Charles Quinlan." This the court below refused to allow.

I think the judgment should be reversed.