WILLIAM H. MACY, Jr., et al., Appellants, *v.* THOMAS
NELSON et al., Respondents.

(Argued June 21, 1875; decided June 25, 1875.)

THIS was an action for partition.

The defendants, save Nelson and wife, put in answers
disclaiming any interest in the premises; as to those two
the cause was noticed for trial and placed upon the cal-
endar. The parties appeared by counsel, and (as the order
recites) after "reading the pleadings and hearing the coun-
sel for the respective parties" it was ordered referred
to a referee to hear and determine, and to inquire and
report whether actual partition could be made, and if he
determine that a sale was necessary, that he specify the
same, with his reasons, etc. It did not appear that any
objection was made. It was urged by the appellant on
appeal that the order of reference was void, as the provi-
sions of the rules Nos. 79 and 80 were not complied with.
*Held*, that it was to be presumed that the order was assented
to, and any irregularity waived. The referee reported his
conclusion that a partition could not be made without great
prejudice to the owners, giving the following as his reasons:
"The premises consist of about 107 acres of land, which
is mostly covered with growing timber; there are no build-
ings or improvements of any kind upon the premises, and
with the exception of about eight acres lying on the extreme
north-easterly part, there is no tillable land, and none of any
account that can be made so upon the whole tract. The soil,
excepting on the eight acres of tillable land, is thin, with a
slate rock underlying nearly, or quite, the whole of it. The
present value of the premises consists, in a great part, in the
wood growing upon them. The conformation of the land is
such that there can be no access to it by wagon road from
any public highway, without the expenditure of a large sum
in the construction of such road, excepting at one point on
the extreme westerly side, and if the premises were parti-
tioned, this point would necessarily be situate upon one of
the two parts into which they would be divided, so that the

only practicable approach to the other part would be by a road passing through that part upon which said point would be situated.   That the aggregate value of the two parcels in the hands of two owners, in severalty, would be one-third less than if the whole premises were owned by one person." *Held*, that the question whether actual partition or a sale should be made was one of fact; that the facts found were sufficient to sustain the referee's conclusions, and it not being entirely apparent that the evidence was insufficient to sustain his findings, they were not reviewable here.

*W. S. Cowles* for the appellants.

*Thomas Nelson* for the respondents.

MILLER, J., reads memorandum for affirmance.
All concur.
Judgment affirmed.