McAdams, C. J.
The second order refused to re-settle the order made June 15th, on the ground that “the same was in conformity to the decision made,” and there is no proof that it was not, so that there is nothing in the second order which can be reviewed, nor can we review the *256 first order, for the reasons: First. The part granting an adjournment of the trial until June 21st was made on the defendant’s application. It was, as far as it went, a decision in the defendant’s favor, and as a consequence he cannot complain of it. Second. The part imposing stringent terms and conditions on the defendant, was assented to by the defendant, and we cannot review provisions inserted in an order by the consent of the appealing party. The order recites the consent of the parties, and the recital being uncontradicted, is conclusive against them. The rule is that recitals in an order or judgment, though not conclusive, are presumptive evidence of their truth. Struthers v, Pearce, 51 N. Y., 365; Maples v. Mackey, 89 id., 146; Ferguson v. Crawford, 70 id., 253; Porter v. Bronson, 29 How. Pr., 292; Wright v. Nostrand, 94 N. Y., 44, 45; Barber v. Winslow, 12 Wend., 103; Belden v. Meeker, 2 Lans., 473; aff’d 47 N. Y., 307; Dayton v. Johnson, 69 N. Y., 425. The terms imposed were indeed stringent and we might have relieved against them, were it not that the consent to them forbids us from interfering. Third. The case on appeal does not show that the defendant made any application to strike the case from the calendar, or that the trial judge decided any such motion. Indeed the order made by him negatives the idea that any such motion was made. If any such irregularity existed, it was therefore waived. Macy v. Nelson, 62 N.Y., 638. Fourth. The printed case does not show what occurred on June 21st, and we are therefore uninformed whether the application to adjourn was renewed, granted or denied, or whether the action was tried or dismissed, or whether an inquest was taken or not, so that we cannot review bn this appeal the action of the trial judge on that day. In regard- to recitals in orders, it may be proper to .observe, that admissions or stipulations made and consents given on the hearing of the motions, if not reduced to writing, should as matter of practice, be incor - porated in the order to be entered thereupon and thus made part of the record, for future guidance, in case the propriety of the order is afterwards called in question. The judge who decides a motion, like one trying a cause, must in the nature of things, either on the settlement of the order or the case on appeal, determine what occurred before him, that the record may truthfully represent the facts as they appeared.
■ For the reasons aforesaid, the order appealed from must be affirmed, with costs.
Nehrbas and Hyatt, JJ., concur.