■ FRED A. TRAMONTANO et al., Respondents, v. ERICO J. CATALANO et al., Appellants.— In an action for partition and sale of a two-family house owned by plaintiffs and defendants as tenants in common, in which the defendants interposed a counterclaim for specific performance of an agreement between the parties dated March 21, 1956, under which each party was given an option to purchase the house, the defendants appeal from an order of the Supreme Court, Kings County, entered September 30, 1964, which: (1) denied their motion for summary judgment; (2) granted plaintiffs' cross motion for summary judgments; (3) in effect declared said agreement to be invalid and unenforcible; and (4) directed that the property in question be sold in partition. Order reversed, without costs; plaintiffs' cross motion for summary judgment is denied; defendants' motion for summary judgment is granted; judgment is directed dismissing the complaint and in favor of defendants upon their counterclaim, without costs; and the action is remitted to the court below for the entry of an appropriate judgment accordingly. In our opinion, the parties' agreement that neither set of owners would sell their one-half interest without first offering it to the other set of owners encompassed an agreement not to partition except upon that condition. This is so because partition would result in a sale to a third party and would thus, by indirection, emasculate the protection against sales to outsiders which the agreement was intended to provide (see *Andron* v. *Funk,* 194 App. Div. 258). The agreement in question is an

ordinary first-option agreement, similar to those between partners or stockholders in a close corporation. It does not suspend the power of alienation for an unreasonable time, but only for the 60-day period that the nonselling cotenants are given to buy out the interest of those desiring to sell; and, at the end of this 60-day period, those proposing to sell can either sell or seek partition should the other set of cotenants choose not to exercise the option. Such agreement is a reasonable, valid, enforcible limitation on the right to sell or partition; and it is a good defense to a partition action (*Chew* v. *Sheldon*, 214 N. Y. 344; *Casolo* v. *Nardella*, 275 App. Div. 502; *Sipson* v. *Aloisio*, 278 App. Div. 1013; *Andron* v. *Funk*, 194 App. Div. 258, *supra*). The cases (*Geoffroy* v. *Schmidt*, 279 App. Div. 912, and *Albin* v. *Albin*, 26 Misc 2d 383, affd. 12 A D 2d 933) relied on by plaintiffs are readily distinguishable. Those cases involved agreements not to partition for indefinite periods which could be made endless by acts of the cotenants who objected to partition. That is not the situation at bar, for here the right to sell or partition could merely be abeyed for 60 days at most. Beldock, P. J., Ughetta, Rabin, Hopkins and Benjamin, JJ., concur.