■ JOSEPH LOMBARDI et al., Respondents, v JOHN LOMBARDI et al., Appellants.—Appeal from a judgment of the County Court of Schoharie County, entered August 2, 1977, which partitioned certain real property. Plaintiffs and defendants were joint tenants of 130 acres of land divided by a town road in a manner that placed 11 unimproved acres on the southerly side of the road, and 119 acres containing a residence and a well on the northerly side. After joinder of issue the parties consented to the entry of an interlocutory judgment appointing commissioners to partition the land. Subsequently, the commissioners made their report and the court, upon motion of plaintiffs, confirmed the report. A final judgment of partition was entered. This appeal ensued. The commissioners determined that defendants should receive the 11 acres lying southerly of the town road and 69 acres lying northerly thereof. The plaintiffs were awarded 50 acres of land northerly of the road together with the residence thereon and the well.

However, that portion of the lands given to plaintiffs was burdened by a grant to defendants to use water from the well for a period of three years. This right was terminable at the expiration of the stated period or sooner if defendants sold the lands set off to them. In effect, since the commissioners did not give the defendants an easement over plaintiffs' lands, there was a failure to give defendants any interest in plaintiffs' realty. Accordingly, the right of defendants to use the well is a license, a mere permission authorizing defendants to cross plaintiffs' lands to use the well. It is the lowest order of privilege touching or affecting real property. It is a mere shadow of an interest, indivisible and inseparable from the licensees, and not such an interest in land that is likely to satisfy or, indeed, settle the disagreements existing between the parties before partition. In the absence of an accompanying grant of an easement of way over plaintiffs' lands, such an easement must be implied. In our view, where, as here, we are at the threshold of a permanent division of realty and the opportunity is at hand to particularize the rights of the respective parties, that opportunity should be used to spell out those rights so that the parties as well as their successors in interest know the extent of their fee and its burdens. Lastly, it would be helpful if the commissioners had the residence appraised so that its value might be related to the value of the whole tract. Judgment reversed, on the law and the facts, without costs, and matter remitted to the same commissioners for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.