OPINION OF THE COURT
Fred T. Santucci, J.
In an action for the partition of real property and the stock of a cooperative, plaintiff moves pursuant to CPLR 3212 for summary judgment.
The parties took title as joint tenants to the real property, a private home in Forest Hills, Queens, on March 11, 1975, and were issued a proprietary lease and jointly held shares in the cooperative, a vacation home in upstate New York, on September 7, 1974. The parties and their respective children jointly occupied the house and cooperative pursuant to a written agreement entered into on July 24,1975. The cgreement provides for *635 the sharing of expenses, the disposition of the properties upon the death of either joint tenant, and a method for either party to terminate her ownership interest upon notice to the other party.
Plaintiff alleges that due notice was given defendant of her desire to terminate co-ownership of the properties, that defendant has not exercised the buy-out option contained in the agreement and that the agreement itself does not waive or restrict either party’s right to seek partition. Defendant argues that the agreement bars partition and that plaintiff may only proceed in accordance with its provisions. Alternatively, defendant argues that partition may be had only for the realty and not for the jointly held stock. Defendant asserts a counterclaim for specific performance of an alleged oral agreement by plaintiff to sell her interest to a purchaser procured by defendant.
With respect to plaintiff’s first cause of action, an action for partition may be maintained by joint tenants of real property, as a matter of right, where they do not desire to hold or use the property jointly. (RPAPL 901 [1]; Chew v Sheldon, 214 NY 344.) An exception to this right, however, is found in the equitable rule that partition will not be awarded “ ‘at the suit of one in violation of his own agreement, or in violation of a condition or restriction imposed upon the estate by one through whom he claims.’ ” (Chew v Sheldon, supra, p 349.) In order for an agreement not to partition real property to be valid and constitute a cognizable defense to a partition action, “it must contain a limitation of time or express contingency which might terminate the agreement, otherwise same would be void as against public policy, in that the power to alienate would be suspended for an unreasonable time.” (Alhin v Albin, 26 Misc 2d 383, 386, affd 12 AD2d 933; Geoffroy v Schmidt, 279 App Div 912.)
The agreement in question provides that if either party desires to terminate her ownership interest “she shall give ninety (90) days written notice to the other, of said intention by certified mail. During the said period, the departing party shall seek a third person, solely acceptable to the remaining party, to purchase the departing party’s interest in Premises and Stock, subject however, to the remaining party’s prior right to purchase the departing party’s interest at sales price to be determined by appraisal * * * notice of which intention shall be given in writing to the departing party within thirty (30) days of receipt of the notice to depart.”
To the extent that the agreement attempts to restrict partition for an indefinite period during which plaintiff had to procure a purchaser “solely acceptable to [defendant]” it is an *636 unreasonable restriction on the power of alienation and is not enforceable. (Geoffroy v Schmidt, supra; Albin v Albin, supra.) At best, the agreement suspends the right to seek partition for a period of 90 days, during which time either a purchaser is found or an election by the remaining party is made to purchase. Such an agreement would be enforceable as a reasonable limitation on the right to seek partition. (See, Tramontano v Catalano, 23 AD2d 894.) Since the 90-day period has elapsed without either a purchaser having been found or a proper exercise of defendant’s option having been made, no triable issue of fact has been raised and plaintiff is awarded partial summary judgment on the first cause of action.
With respect to the counterclaim for specific performance, partial summary judgment is awarded plaintiff. An alleged oral agreement to sell real property is barred by the Statute of Frauds. (General Obligations Law § 5-703.) Defendant has come forward with no evidentiary proof in admissible form of any part performance of the alleged oral agreement sufficient to overcome the Statute of Frauds. (Casolo v Nardella, 275 App Div 502.)
Plaintiff’s second cause of action seeks partition of personal property consisting of jointly held shares of stock. While such a cause of action is cognizable (Loker v Edmans, 204 App Div 223; Cart v Cart, 176 Misc 457; see generally, 13 NY Jur, Cotenancy and Joint Ownership, §§ 20, 144), the proprietary lease which governs transfers of the stock has not been submitted to the court. No determination can, therefore, be made as to whether the stock jointly owned by the parties may be partitioned and summary judgment must be denied.
Accordingly, the motion is granted to the extent that partial summary judgment is awarded plaintiff on the first cause of action and on the counterclaim. The order to be entered hereon shall provide for severance of the second cause of action and for the appointment of a referee pursuant to RPAPL 911 to ascertain the rights, shares and interests of the parties in the real property.