■ HERBERT BESSEN et al., Respondents-Appellants, v JULIAN L. GLATT et al., Appellants-Respondents, et al., Defendant.—Yesawich, Jr., J. Cross appeals (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Braatz, J.), entered September 26, 1989 in Putnam County, upon a decision of the court in favor of plaintiffs.

In 1972, plaintiffs and defendants Julian L. Glatt and Carol Glatt (hereinafter collectively referred to as defendants) as tenants in common purchased title to and, thereafter as partners, owned the Stoneleigh Medical Building in the Town of Carmel, Putnam County. On June 2, 1981, the parties executed an agreement which outlined a method for determining the price of the medical building should plaintiffs or defendants decide to sell their interests. In pertinent part, the agreement provided: "During the life-time of the two surgeons [plaintiff Herbert Bessen and defendant Julian Glatt], either of them, may, by 45 days prior written notice * * * offer to sell to the other the 50% interest owned by him and his wife in the property, at a price to be mutually agreed. (The offer to sell shall always be deemed to include the interest of the wife who agrees that the offer by her husband shall be inclusive of her interest)." The agreement also provided: "In the event the parties cannot arrive at the selling price, then * * * each of the parties is to submit an appraisal from a reputable appraiser and the parties shall then attempt to arrive at an agreeable selling price. If the parties still cannot agree upon a

price, then the two appraisers shall select a third appraiser and the selling price shall be arrived at by the vote of two of the three * * * appraisers."

Thereafter, in 1985 the surgeons dissolved their medical partnership which they had begun in 1968, but continued to maintain separate medical offices in the building for the next two years. In 1987, after Bessen moved his medical practice from the jointly owned building, plaintiffs offered to sell their interest in the property to defendants. Although plaintiffs' appraiser valued the property at $585,000, plaintiffs had received a purchase offer of $525,000 and accordingly offered to sell their interest in the property for one half of this smaller amount, i.e., $262,500. Defendants in turn notified plaintiffs that they had received an appraisal of $437,250 and proposed to purchase plaintiffs' interest in the property for $225,000; plaintiffs declined this counterproposal. A third appraiser estimated the value of the property at $525,000. Defendants thereafter offered to pay plaintiffs one half of the value of the third appraisal ($262,500, the same amount plaintiffs had requested originally). Plaintiffs rejected this proposal and instead instituted this action seeking partition of the building. Defendants counterclaimed for specific performance of the agreement, to receive reimbursement from plaintiffs for unpaid rent as well as rent collected by plaintiffs, operating expenses and sums expended to satisfy the mortgage payments on the building. Following a hearing, Supreme Court ordered partition, directed plaintiffs to pay defendants $31,265.72 for unpaid rent, and dismissed defendants' remaining counterclaims. Both plaintiffs and defendants have appealed.

Initially it should be noted that defense counsel conceded at oral argument that Supreme Court should have directed plaintiffs to pay the unpaid rent to the parties' real estate partnership rather than to defendants personally.

We hold that partition should not have been directed. Partition is not warranted where, as here, tenants in common expressly agree not to partition the property until the nonselling party has the opportunity to purchase the sellers' interest (see, Tramontano v Catalano, 23 AD2d 894, 895; Levy v Herson, 127 Misc 2d 634, 635; cf., McNally v McNally, 129 AD2d 686, 687). Although the June 1981 agreement purports to limit the nonselling party's time to refuse to purchase the property to 45 days from the date the selling price is determined, that time limitation does not, as plaintiffs argue for the first time in their brief on appeal, effect an illegal suspension of the

power of alienation for an unreasonable period of time *(see, Tramontano v Catalano, supra).*

And, although the agreement contemplated that two of the three appraisers would agree on a selling price, no agreement was ever reached by the appraisers, rendering defendants' demand for specific performance inappropriate at this time *(compare, Levy v Herson, supra,* at 636). There is simply no evidence with respect to whether the three appraisers refused to meet, refused to vote or were unable to agree on a selling price.

Lastly, defendants' counterclaim for reimbursement for operating expenses incurred and advances made by defendants to maintain the property was properly denied as no demand for an accounting of the real estate partnership's affairs was requested *(see, Weiser v Burick,* 47 Misc 2d 962, 963).

Judgment modified, on the law, without costs, by reversing so much thereof as ordered partition and sale of the property, appointed a receiver and directed plaintiffs to pay defendants $31,265.72; order that plaintiffs pay the real estate partnership $31,265.72; and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.