■ SARA A. LOUGHRAN et al., Respondents, v ROBERT F. CRUICKSHANK, Appellant. [778 NYS2d 225]——

Kane, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered January 23, 2003 in Ulster County, which, in an action pursuant to RPAPL article 9, directed the sale of certain real property owned by the parties as tenants in common.

The parties are siblings who own, as tenants in common with undivided one-third interests, a 1,250-acre tract of real property located in the Catskill Mountains. The property was acquired piecemeal by the parties' ancestors over the last 100 years as 11 separate parcels. It is currently one of the largest privately-owned tracts in the Catskills. It is largely undeveloped, but contains a house, garage with upstairs apartment and a barn. Plaintiffs use this house and the property seasonally. Defendant owns a 0.6-acre parcel within the property, where he lives year round. Defendant's home is located near a private road connecting the property to a public roadway. The property has no other practical road frontage. Its topography varies greatly, including gullies, steep inclines, plateaus, heavily wooded areas, rough logging roads, a creek designated by the state as a class A trout stream, and Balsam Mountain, one of the Catskill Mountains high peaks. Valuable timber is located on several parcels, although the species and quantity diverge greatly among the parcels. Rights-of-way over privately-owned land to several of the parcels making up the property are of questionable validity.

Plaintiffs commenced this RPAPL article 9 action seeking to have the property sold as one parcel. Defendant answered and counterclaimed, demanding an accounting based on disproportionate contribution to the property's upkeep, and seeking partition. After a hearing, the Referee recommended that the prop-

erty be sold as one parcel. Supreme Court confirmed the Referee's report, resulting in defendant's appeal.

Supreme Court properly ordered a sale of the property rather than partition. Tenants in common can maintain an action for partition of real property or "for a sale if it appears that a partition cannot be made without great prejudice to the owners" (RPAPL 901 [1]). Partitioning the property is the preferred method and is presumed appropriate unless one party demonstrates that actual physical division would cause great prejudice to the owners, in which case the property must be sold at public auction (*see* RPAPL 915; *Vlcek v Vlcek*, 42 AD2d 308, 310-311 [1973]). Whether partition or sale is appropriate is a question of fact (*see Macy v Nelson*, 62 NY 638 [1875]). The Referee's determination is entitled to great weight, especially where conflicting testimony and credibility matters are at issue, and should be confirmed if the reported findings are supported by the record (*see Frater v Lavine*, 229 AD2d 564, 564 [1996]; *Schwartz v Meisner*, 198 AD2d 634, 634-635 [1993]; *Bellnier v Bellnier*, 158 AD2d 947, 948 [1990]).

Here, the Referee specifically credited the testimony of plaintiffs' expert regarding the invalidity or seriously questionable legality of the rights-of-way. Owners should have indisputable access to their property and not have to rely on rights-of-way which are suspect or may require litigation to enforce (*compare Bellnier v Bellnier, supra* at 948-949). There is only one feasible means of ingress and egress, that being the private road leading to the property nearest defendant's house. If the property were divided, presumably only the owner of one parcel would have road access and the other two would be landlocked. Although the court can impose easements over some portions of the divided property in favor of the other current tenants in common for their newly-divided parcels (*see Lombardi v Lombardi*, 63 AD2d 1111, 1112 [1978]), the lack of access and burden on the owner of the newly servient parcel is relevant to whether great prejudice exists (*see Macy v Nelson, supra* at 638-639). Lack of access would affect logging feasability. The value of the timber would also be diminished if the property is divided, since the larger tract permits greater flexibility in harvesting and creates an economy of scale not present in smaller parcels. It would be extremely difficult to divide the property into parcels which would equitably distribute the timber; certain parcels are virtually unharvestable while others have large quantities of timber, and more valuable species are concentrated on certain parcels.

Plaintiffs' real estate appraiser opined that the property would decrease in value if it was divided. Despite defendant's

arguments that there was no foundation for this opinion, it is difficult to establish a precise value for smaller parcels without knowing how the parcels would be divided or configured. The expert provided a range for the decrease and the factors upon which he based his opinion. On the other hand, defendant's real estate appraiser created his own possible division and opined that his division would slightly increase the value. This expert's potential division was skewed because the parcels were extremely divergent in size, with parcels measuring 94 acres, 257 acres and 949 acres and, in value, estimated at $232,000, $252,000, and $570,000, respectively. While the property need not be partitioned into equal parcels and the court can order a monetary award to equalize slight divergence in the value of divided parcels (*see* RPAPL 943), the great disparity in size and value of the parcels created by the defense expert's division goes to the weight of his opinion and the issue of great prejudice. Defendant's expert also formed his opinion of values and divisibility with the assumption that the rights-of-way were valid or enforceable, but the Referee found this assumption unwarranted and unsupported by the facts. Lack of access to newly created parcels would make them less valuable or perhaps even unmarketable, which implies great prejudice and the unsuitability of partition (*see Ferguson v McLoughlin*, 184 AD2d 294, 295 [1992], *appeal dismissed* 80 NY2d 972 [1992]).

Defendant's argument that he will be displaced is inaccurate. He alone owns the parcel containing his home, so he will not actually be displaced. Although he will no longer have use of the barn and the remaining co-owned tract, he was always aware that he owned that in common with his sisters and did not have absolute use or control over that property. One owner cannot dictate the outcome of the proceeding based on his residence on 0.6 acres within a 1,250 acre tract and, in any event, courts have ordered a sale rather than partition based on the overall circumstances even if an owner would be displaced (*see id.*).

It is irrelevant that the owners may receive a much lower bid at public auction than the property's appraised value. If the court finds that partition would result in great prejudice it must order that the property be sold at public auction (*see* RPAPL 915). Despite some testimony that public auctions attract low bidders, testimony also indicated that this particular type of sale would likely attract better bidders than the typical public auction, a foreclosure sale, and that the parties could increase the bids through good advertising and a sealed bid process. The possible capital gains tax ramifications of a sale are similarly irrelevant to the determination of whether partition would greatly

prejudice the parties (*see Rosanoff v Skura*, 50 Misc 2d 1090, 1091-1092 [1966]).

Based on the property's varied topography and characteristics, and lack of viable access to several of the parcels, the Referee and Supreme Court properly found that partition could not be accomplished without great prejudice to the owners (*see Macy v Nelson, supra*; cf. *Chittenden v Gates*, 18 App Div 169 [1897]). Accordingly, the court properly ordered a sale of the property as one parcel.

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.