■ MARKAN CORPORATION, Appellant-Respondent, v PLANE's CAYUGA VINEYARD, INC., et al., Respondents-Appellants. [806 NYS2d 829]—

Appeal and cross appeal from a judgment and order (one paper) of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered December 13, 2004. The judgment and order granted in part and denied in part defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the judgment and order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In 1991 defendant Plane's Cayuga Vineyard, Inc. (PCV) sold a winery business to plaintiff, Markan Corporation, excepting approximately 16 acres of land (hereinafter, parcel). PCV leased the parcel to plaintiff pursuant to a 10-year lease that expired on April 30, 2001 and continued to own contiguous property in addition to the parcel. The lease contained a right of first refusal that required PCV to notify plaintiff of any offer to purchase all or part of the parcel, affording plaintiff 30 days in which to match any offer. In 1998 PCV began negotiations with defendant Wesley Wine Company, Inc. (Wesley) for the sale of both the contiguous property and the parcel. Plaintiff was made aware of the negotiations. The negotiations between PCV and Wesley ended, but resumed immediately upon expiration of the lease between plaintiff and PCV. PCV sold the contiguous property and the parcel to Wesley shortly after the expiration of the lease. Plaintiff commenced this action seeking, inter alia, rescission of the sale of the parcel to Wesley and specific performance of the lease with respect to plaintiff's right of first refusal, thus requiring PCV to offer to sell the parcel to plaintiff "in accordance with the terms of any offer made by Wesley before April 30, 2001, or at its fair market value."

Contrary to the contention of plaintiff on its appeal, Supreme Court properly granted those parts of defendants' motion for summary judgment dismissing the complaint to the extent that it alleges a breach of the lease. A right of first refusal is a dormant right that is triggered when an owner decides to sell the property to a third party at an agreed-upon price (see *Morrison v Piper*, 77 NY2d 165, 170 [1990]; *LIN Broadcasting Corp. v Metromedia, Inc.*, 74 NY2d 54, 60 [1989]). Here, there was no enforceable purchase offer during the term of the lease and thus the right of first refusal was not triggered (*cf. Jeremy's Ale House Also, Inc. v Joselyn Luchnick Irrevocable Trust*, 22 AD3d 6 [2005]).

Also contrary to the contention of plaintiff on its appeal, the court properly granted that part of defendants' motion for sum-

mary judgment dismissing the complaint to the extent that it alleges the breach of an implied covenant of good faith and fair dealing. PCV did not deprive plaintiff of any right to receive the benefits of the lease at issue (*see Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce*, 265 AD2d 513, 514 [1999]). Plaintiff's reliance on *Quigley v Capolongo* (53 AD2d 714 [1976], *affd* 43 NY2d 748 [1977]) is misplaced because here, unlike in *Quigley*, there was no enforceable agreement that circumvented plaintiff's rights.

Finally, we reject the contention of defendants on their cross appeal that the court erred in denying that part of their motion for summary judgment dismissing the complaint to the extent that it alleges that plaintiff has a prescriptive easement with respect to portions of the property sold to Wesley. The record establishes that there is an issue of fact whether plaintiff's use of that property "was open, notorious, continuous, hostile and under a claim of right for the requisite 10-year period" (*Allen v Mastrianni*, 2 AD3d 1023, 1024 [2003]; *see* RPAPL 311). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Martoche, JJ.