■ Barbara Colley, as Executor of Nicholas T. Sbarra, Deceased, Respondent, v Angelos P. Romas, Appellant. [857 NYS2d 260]—

Rose, J. Appeals (1) from an order of the Supreme Court (Lebous, J.), entered February 28, 2007 in Broome County, which, among other things, conditionally granted plaintiff's motion to strike defendant's answer and counterclaims, and (2) from an order of said court, entered April 25, 2007 in Broome County, which, among other things, granted plaintiff's cross motion to strike defendant's answer and counterclaims.

Plaintiff commenced this action for partition, sale and an accounting with regard to certain parcels of real property which defendant, an attorney, had owned as a tenant in common with decedent. Following a preliminary conference and with the parties' apparent agreement, Supreme Court issued a preliminary conference order directing that, among other things, they exchange appraisals of two of the subject properties no later than September 12, 2006 and provide to a designated accountant within 60 days the information needed to prepare a 2005 income tax return for those properties. After defendant failed to

comply with this order and two others extending the time for compliance, plaintiff moved to strike defendant's answer and counterclaims. On February 28, 2007, Supreme Court conditionally granted plaintiff's motion, affording defendant yet a fourth opportunity to comply. Instead, defendant moved for a fifth extension, whereupon plaintiff cross-moved for dismissal of defendant's answer and counterclaims for his failure to respond to discovery demands and comply with the conditional order. Supreme Court denied defendant's motion and granted plaintiff's cross motion.

While we agree with defendant that his appeal of the order finally dismissing his answer and counterclaims brings up for review the prior scheduling orders (*see* CPLR 5501 [a] [1]; *Matter of Hebel v West*, 25 AD3d 172, 175 n 1 [2005], *lv denied* 7 NY3d 706 [2006]), we find no merit in his contention that Supreme Court lacked authority to direct him to provide an appraisal. Although the record does not reveal whether appraisals were deemed necessary to establish a minimum selling price, to determine whether an equal or equalized partition could be made or for some other reason, defendant never disputed either the need for appraisals or Supreme Court's authority to regulate their disclosure (*see* 22 NYCRR 202.12 [d]; *see e.g. Loughran v Cruickshank*, 8 AD3d 799, 800-801 [2004]).

All of the remaining issues but one are raised for the first time on appeal and are, therefore, not properly before us (*see Herron v Essex Ins. Co.*, 34 AD3d 913, 914 [2006], *lv dismissed* 8 NY3d 856 [2007]; *Connecticut Natl. Bank v Peach Lake Plaza*, 204 AD2d 909, 911 [1994]). The only preserved issue is defendant's claim that Supreme Court abused its discretion in selecting the sanction of striking his pleadings. The record is clear, however, that he repeatedly disobeyed Supreme Court's orders setting deadlines for disclosure and failed to comply with plaintiff's discovery demands. Thus, the willfulness of defendant's noncompliance is readily apparent from the record (*see Tleige v Troy Pediatrics*, 237 AD2d 772, 774 [1997]; *Wolford v Cerrone*, 184 AD2d 833, 833-834 [1992]), which reflects a deliberate pattern of delay designed to postpone the loss of his ownership interest in the subject properties. Accordingly, we conclude that Supreme Court acted within its broad discretion by first granting a conditional order of dismissal, and later finally dismissing his answer and counterclaims (*see* CPLR 3126 [3]; *Kihl v Pfeffer*, 94 NY2d 118, 123 [1999]; *Du Valle v Swan Lake Resort Hotel, LLC*, 26 AD3d 616, 617-618 [2006]; *compare Matter of SDR Holdings v Town of Fort Edward*, 290 AD2d 696, 698 [2002]).

Finally, regarding defendant's concern that dismissal of his answer will preclude an accounting of the income and expenses of the subject properties, we note that even when the rights of the parties are not controverted, the court is still obligated to ensure that there is an accurate accounting before entry of an interlocutory judgment directing their sale (*see* RPAPL 911, 915; *see also McVicker v Sarma*, 163 AD2d 721, 722 [1990]).

Peters, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the orders are affirmed, with costs.