██ CHERYL A. FISCHER et al., Appellants, v MURUS COMPANY, Respondent. [898 NYS2d 700]—

Lahtinen, J. Appeal from an order of the Supreme Court (Williams, J.), entered December 18, 2008 in Saratoga County, which denied plaintiffs' motion for partial summary judgment.

Plaintiffs constructed a single-family house in 1993 using large insulated panels manufactured by defendant. Defendant provided a 10-year warranty on its product. Within two years, the panels reportedly warped and otherwise failed. Plaintiffs filed a warranty claim with defendant, which resulted in defendant agreeing in October 1995 to replace the defective panels. Plaintiffs contend that defendant also provided a 10-year warranty on the replacement panels. The panels allegedly failed again by early 2005 and, when defendant refused to honor the warranty, plaintiffs commenced this action in May 2005 asserting causes of action based upon breach of contract, breach of express warranty, breach of implied warranty and unjust enrichment. Defendant's affirmative defenses included that plaintiffs claims were barred by the statute of limitations. Plaintiffs moved to dismiss that defense, defendant did not oppose the motion and, in March 2006, Supreme Court dismissed the statute of limitations defense as to all causes of action.

Defendant's failure to respond to plaintiffs' disclosure

demands led to a conditional preclusion order in January 2007 providing, among other things, that defendant was "prohibited from . . . opposing the claims made in plaintiff[s'] [*c*]*omplaint*" unless full responses were provided by March 1, 2007. Since no disclosure was provided by the deadline, plaintiffs were granted partial summary judgment in June 2007. However, shortly thereafter, Supreme Court vacated its summary judgment decision "in the interests of justice." Defendant continued to fail to respond to any of the disclosure demands. Plaintiffs thus again moved for partial summary judgment and their motion was granted in January 2008. Nevertheless, in June 2008, Supreme Court—again citing the interest of justice—vacated its second summary judgment decision and set September 15, 2008 as a new deadline for the completion of all disclosure. After that date passed with no disclosure from defendant, plaintiffs made the current motion for partial summary judgment. Supreme Court denied the motion and plaintiffs appeal.

We reverse. Defendant argues that summary judgment was properly denied since there is a question of fact as to whether it extended an additional 10-year warranty in 1995. It asserts that such issue was not resolved by Supreme Court's March 2006 order striking its statute of limitations defense because plaintiffs have the burden of proving the existence of such warranty as part of their claim. This argument, however, fails to consider the effect of Supreme Court's January 2007 conditional preclusion order. Defendant acknowledged both that it has not challenged the terms of the preclusion order and that it never provided any of the disclosure directed in that order. Under the terms of that order, defendant is now prohibited from contesting the allegations in plaintiffs' complaint, and the complaint includes the allegation (supported by an annexed exhibit) that a 10-year warranty was extended when the replacement panels were provided. Thus, contrary to defendant's argument, no triable issue remains regarding the applicability of the 10-year warranty. Moreover, under the circumstances of this case, including defendant's repeated failure over a protracted period to comply with a court order or to respond to any disclosure demands, we substitute our discretion for that of the trial court (*see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc.*, 11 NY3d 843, 845 [2008]; *Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745 [2000]), and strike defendant's answer; permitting summary judgment upon such alternative ground (*see Colley v Romas*, 50 AD3d 1338, 1339 [2008]).

Cardona, P.J., Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs,

motion granted and partial summary judgment awarded to plaintiffs on the issue of liability.