# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

915

CA 13-00228

PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

CATHY TUMINNO, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARJORIE WAITE, DEFENDANT-APPELLANT-RESPONDENT,
JAMES FLAGELLA, DEFENDANT-RESPONDENT-APPELLANT,
ET AL., DEFENDANTS.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, JR., OF
COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

JAMES FLAGELLA, DEFENDANT-RESPONDENT-APPELLANT PRO SE.

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C., BUFFALO (LESLIE MARK
GREENBAUM OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered April 25, 2012. The order directed a sale of real property under certain circumstances.

It is hereby ORDERED that the order so appealed from is unanimously vacated on the law without costs and the matter is remitted to Supreme Court, Chautauqua County, for further proceedings in accordance with the following Memorandum: In this action seeking, inter alia, the partition and sale of real property and a determination that the sale of the property extinguishes a certain "option to purchase," defendant Marjorie Waite appeals and defendant James Flagella cross-appeals from an order that directed the sale of the property in the event that Flagella and the remaining defendants did not exercise their "option to purchase" the property within 60 days of entry of the order.

Plaintiff and Waite are tenants in common and acquired the property at issue by an executor's deed pursuant to the settlement of their mother's estate. In settling that estate, plaintiff, Waite and the other named defendants signed a settlement agreement providing that plaintiff and Waite "agree to grant to [each of the other named defendants] the option to purchase the . . . property, in the event that [plaintiff and Waite], either jointly or severally, determine to sell, assign or transfer the . . . property to someone other than each other. The option price shall be [$120,000] plus the costs of any improvements made by [plaintiff and Waite] to the premises subsequent to [their] purchase of the premises. Said option may be prepared in recordable form by any or all of the [other named defendants] at their

own cost and expense, and [plaintiff and Waite] will execute any said recordable option.  Upon receipt of an offer to purchase the premises, except from [each other], [plaintiff and Waite] shall notify each of the [other named defendants] then living, in writing of the proposed sale of the premises, and the [other named defendants] shall have sixty (60) days to exercise their option as granted herein."

The settlement agreement thereafter was reduced to a document executed by plaintiff and Waite (hereafter, recorded document), and it provided that "[w]e give and grant to [each of the other named defendants] the option to purchase certain real property . . . The option price for the property will be [$80,000] plus any improvements made by . . . Waite and [plaintiff].  If at any time . . . Waite and [plaintiff] desire to sell the premises and receive an offer they shall communicate said offer to [each of the other named defendants,] who shall then have sixty (60) days to purchase the premises upon the same terms and conditions as the other offer."

We conclude that the right bestowed by the settlement agreement and the recorded document is a right of first refusal, not an option to purchase, despite the use of the term "option" therein (*see LIN Broadcasting Corp. v Metromedia, Inc.*, 74 NY2d 54, 60; *Metropolitan Transp. Auth. v Bruken Realty Corp.*, 67 NY2d 156, 163), and thus that Supreme Court mistakenly treated the contractual right as an option to purchase.  "A right of first refusal is a dormant right that is triggered when an owner decides to sell the property to a third party at an agreed-upon price" (*Markan Corp. v Plane's Cayuga Vineyard, Inc.*, 24 AD3d 1264, 1265), and those are the applicable facts set forth in the settlement agreement.

We agree with Waite on her appeal that the court erred in determining that the contractual right was triggered upon plaintiff's commencement of the instant action, for partition and sale.  It must first be determined in a partition action whether the property may be partitioned, i.e., divided among the owners in some fashion, without great prejudice to them, and "partition sale" is a secondary consideration only in the event that partition greatly prejudices the owners (*see* RPAPL 901 [1]; *Bentley v Dox*, 12 AD3d 1187, 1187; *Grossman v Baker*, 182 AD2d 1119, 1119).  Thus, commencement of the partition action did not trigger the right of first refusal inasmuch as a partition, as opposed to a partition sale, would not result in a transfer of the property to a third party.  Furthermore, no offer of purchase from a third party triggered either the right of first refusal or the contractual obligation of plaintiff or Waite pursuant to the settlement agreement or recorded document.

We further agree with Waite that, under the circumstances of this case, the court erred in ordering the sale of the property without first resolving the accounting issues and adjusting any equities (*see Colley v Romas*, 50 AD3d 1338, 1340; *Sampson v Delaney*, 34 AD3d 349, 349), thereby "ensur[ing] that the parties' rights are fixed in such manner that a decree 'may work full and complete justice between [them]' " (*Grossman v Baker*, 182 AD2d 1119, 1119).

Moreover, in some circumstances the right to partition pursuant to RPAPL 901 (1) must yield to the well-recognized exception that "equity will not award partition to a party in violation of his [or her] own agreement" (*McNally v McNally*, 129 AD2d 686, 687; *see Chew v Sheldon*, 214 NY 344, 348-349). "[W]here an action for partition would tend to defeat the performance of a contract," an agreement not to partition is implied (24 NY Jur 2d, Cotenancy and Partition § 130; *see Tramontano v Catalano*, 23 AD2d 894, 894; *see generally Bessen v Glatt*, 170 AD2d 924, 925). Here, partition that results in plaintiff and Waite each having a portion of the property defeats the right of first refusal, which applies to the entire property. Thus, partition appears to be unavailable as a remedy (*see McNally*, 129 AD2d at 687), unless the equities are adjusted such that either plaintiff or Waite receives the entire property and the other is awarded owelty as compensation for the unequal division of the property (*see* RPAPL 943; 24 NY Jur 2d, Cotenancy and Partition § 116), if equity so requires given the claims of expenses and waste and the condition of the property. We therefore vacate the order and remit the matter to Supreme Court for an accounting and an adjustment of the equities between plaintiff and Waite in a manner consistent with our decision herein, prior to the entry of an order granting partition of the property. We note that, upon remittal, the court may appoint a referee.

On his cross appeal, Flagella contends that the court erred in determining that the purchase price was $120,000 without allowing further proof on the issue. Inasmuch as the record establishes that plaintiff and Waite relied on the recorded document signed only by them as opposed to the settlement agreement, which was signed by all of the parties, we conclude that plaintiff and Waite thereby reduced the purchase price of $120,000 in the settlement agreement to $80,000 in the recorded document. The reduced purchase price in the recorded document is an enforceable term against plaintiff and Waite (*see generally United States Fid. & Guar. Co. v Delmar Dev. Partners, LLC*, 14 AD3d 836, 838).

Entered:  October 4, 2013                    Frances E. Cafarell
                                             Clerk of the Court