■ JACOB GUO, Respondent, v MON-CHIN GUO et al., Appellants. [27 NYS3d 201]—

In an action, in effect, pursuant to RPAPL 901 for the partition and sale of real property, the defendants appeal from an order of the Supreme Court, Nassau County (Janowitz, J.), entered September 2, 2014, which, upon determining that the plaintiff was entitled to partition, in effect, sua sponte, granted summary judgment to the plaintiff and referred the matter to a referee to ascertain the rights of the parties.

Ordered that on the Court's own motion, the defendants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and thereafter a determination as to whether the plaintiff is entitled to partition and/or sale of the subject property.

The subject of this partition action is a single-family house in Old Brookville, New York. The property has been owned by the parties as joint tenants since 1978. The plaintiff and the defendant Mon-Chin Guo are brothers; the defendant Hweu Chen Guo is their mother. Mon-Chin Guo has lived in the house with his family since 1978. The plaintiff and the mother reside in Taiwan. The plaintiff commenced this action in 2012, in effect, pursuant to RPAPL 901 for the partition and sale of the property.

In an order entered May 28, 2013, the Supreme Court denied the plaintiff's motion for summary judgment on the complaint, stating, in pertinent part, "[p]laintiff has failed to sustain [his] burden of demonstrating, as a matter of law, that the equities warrant a partition."

Thereafter, the plaintiff moved to compel disclosure, and the defendants cross-moved, inter alia, to dismiss the complaint based upon the plaintiff's failure, among other things, to appear for an examination before trial. In an order dated March 18, 2014, the Supreme Court, in effect, denied the motion and

cross motion and concluded its order by stating: "[c]ounsel for the parties are directed to appear before me for a conference on [Apr. 14, 2014] . . . *for purposes of finding a date for a trial of the issue of existence of equitable defenses to plaintiff's request for partition*" (emphasis added). The conference was ultimately held on August 18, 2014. However, at that time, the court did not set the matter down for a trial. Instead, the court determined that the plaintiff was entitled to partition and, in effect, sua sponte, granted summary judgment to the plaintiff and referred the matter to a referee to ascertain the rights of the parties.

In the case of *Goldberger v Rudnicki* (94 AD3d 1048, 1050 [2012]), this Court stated as follows: "A person holding and in possession of real property as joint tenant or tenant in common, in which he [or she] has an estate of inheritance, or for life, or for years, may maintain an action for the partition of the property, and for a sale if it appears that a partition cannot be made without great prejudice to the owners (RPAPL 901 [1]). *The right to partition is not absolute, however, and while a tenant in common has the right to maintain an action for partition pursuant to RPAPL 901, the remedy is always subject to the equities between the parties*" (citations omitted and emphasis added). Here, the Supreme Court implicitly acknowledged the above when it stated in its March 18, 2014 order that the parties were directed to appear for a conference "for purposes of finding a date for a trial of the issue of existence of equitable defenses to plaintiff's request for partition."

As noted above, when the parties appeared for the conference, the Supreme Court did not set a date for a trial or hearing, but, instead, held a conference, and then, in effect, sua sponte, granted summary judgment to the plaintiff. However, there was no motion for summary judgment pending before the court at that time, and thus, it was error for the court to grant such relief (*see Marini v Lombardo*, 17 AD3d 545, 546 [2005]). Moreover, the remedy of partition should not have been accorded to the plaintiff before the court conducted the hearing, which it had directed in its prior order, to "determine the equities between the parties."

In light of our determination herein, we need not reach the defendants' remaining contention. Hall, J.P., Sgroi, Cohen and Maltese, JJ., concur.

———

Motion by the respondent to dismiss an appeal from an order of the Supreme Court, Nassau County, entered September 2,

2014, on the ground that the appeal has been rendered academic. By decision and order on motion of this Court dated August 20, 2014, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Hall, J.P., Sgroi, Cohen and Maltese, JJ., concur.