Smith v Smith (2024 NY Slip Op 02478)

Smith v Smith

2024 NY Slip Op 02478

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND NOWAK, JJ.

994 CA 23-01008

[*1]CHRISTOPHER SMITH AND MICHAEL SMITH, AS TRUSTEES OF THE JAY AND PATRICIA SMITH IRREVOCABLE TRUST, PLAINTIFFS-RESPONDENTS,
v
ANNA J. SMITH, AS TRUSTEE OF THE THEODORE P. SMITH INCOME ONLY IRREVOCABLE TRUST, AND AS EXECUTOR OF THE ESTATE OF THEODORE P. SMITH, DECEASED, DEFENDANT-APPELLANT. (APPEAL NO. 4.) 

HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
BOND SCHOENECK & KING, PLLC, SYRACUSE (DANIEL J. PAUTZ OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Herkimer County (John H. Crandall, A.J.), entered May 4, 2023. The order and judgment, inter alia, ordered a partition and sale of certain real property. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Herkimer County, for further proceedings in accordance with the following memorandum: These appeals involve real property owned by the Jay and Patricia Smith Irrevocable Trust and the Theodore P. Smith Income Only Irrevocable Trust as tenants in common. Plaintiffs, who are trustees of the Jay and Patricia Smith Irrevocable Trust, commenced this action seeking, inter alia, a judgment directing that the property be sold at public auction. Defendant, who is the trustee of the Theodore P. Smith Income Only Irrevocable Trust and the executor of the estate of Theodore P. Smith (decedent), filed an answer and asserted several counterclaims, including a counterclaim seeking to partition the property under RPAPL 993. Ultimately, Supreme Court issued an order and judgment directing, inter alia, that the property be sold at public auction.
In appeal No. 1, defendant appeals from an order denying an oral motion by defendant and decedent for, inter alia, a hearing on whether the property may be partitioned without undue prejudice to the parties and an accounting. We dismiss that appeal inasmuch as the oral motion was not made on notice, and therefore defendant may not appeal as of right from the order denying the motion (see CPLR 5701 [a] [2], [3]; Matter of Henshaw v Hildebrand, 191 AD3d 1237, 1238 [4th Dept 2021]).
In appeal No. 2, defendant appeals from an order that, inter alia, directed that the property be sold at public auction, which the court subsequently vacated. That appeal must be dismissed inasmuch as "[n]o appeal lies from a vacated . . . order" (Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor, 219 AD2d 883, 883 [4th Dept 1995]).
In appeal No. 3, defendant appeals from a subsequent order that also directed, inter alia, that the property be sold at public auction. That appeal must be dismissed inasmuch as the order in appeal No. 3 was superseded by the order and judgment in appeal No. 4 (see Wells Fargo Bank, N.A. v Cafasso, 158 AD3d 848, 848 [2d Dept 2018]; Deutsche Bank Natl. Trust Co. v Weiss, 133 AD3d 704, 704 [2d Dept 2015]; see generally Amendola v Kendzia, 17 AD3d 1105, 1106-1107 [4th Dept 2005]; Matter of Eric D. [appeal No. 1], 162 AD2d 1051, 1051 [4th Dept [*2]1990]).
In appeal No. 4, defendant appeals from an order and judgment that, inter alia, directed that the property be sold at public auction under the direction of a named referee. We reverse in appeal No. 4 because the court erred in effectively converting the oral motion seeking a hearing to a summary judgment motion.
"A person holding and in possession of real property as joint tenant or tenant in common . . . may maintain an action for the partition of the property, and for a sale if it appears that a partition cannot be made without great prejudice to the owners" (RPAPL 901 [1]). "The right to partition is not absolute, however, and . . . the remedy is always subject to the equities between the parties" (Coston v Greene, 188 AD3d 1147, 1147 [2d Dept 2020] [internal quotation marks omitted]; see Cooney v Shepard, 118 AD3d 1376, 1377 [4th Dept 2014]).
"The actual physical partition of property is statutorily authorized as the preferred method and is presumed appropriate unless one party demonstrates that physical partition would cause great prejudice to the owners, in which case the property must be sold at public auction" (Snyder Fulton St., LLC v Fulton Interest, LLC, 57 AD3d 511, 513 [2d Dept 2008], lv dismissed 12 NY3d 755 [2009]; see RPAPL 915). "Whether physical partition or sale is appropriate is a question of fact" (Snyder Fulton St., LLC, 57 AD3d at 513; see Macy v Nelson, 62 NY 638, 638-639 [1875]). "The question is whether the whole property, taken together, will be greatly injured or diminished in value if separated into . . . parts, in the hands of . . . different persons, according to their several rights or interests in the whole: in other words, whether the aggregate value of the several parts when held by different individuals in severalty will be materially less than the whole value of the property if owned by one person" (Snyder Fulton St., LLC, 57 AD3d at 513 [internal quotation marks omitted]).
Here, defendant and decedent made an oral motion for, inter alia, a hearing on whether the property could be partitioned. Rather than decide that motion, the court directed the parties to exchange expert reports and set the matter down for a conference, at which time a hearing would be scheduled if the parties could not come to an agreement regarding partition. However, when the parties appeared for the scheduled conference, the court did not set a date for the hearing, but, instead, held the conference, and subsequently, in effect, granted summary judgment to plaintiffs. Because "there was no motion for summary judgment pending before the court at that time, . . . it was error for the court to grant such relief" (Guo v Mon-Chin Guo, 137 AD3d 974, 975 [2d Dept 2016]). Although a court "has the power to award summary judgment to a nonmoving party, predicated upon a motion for the relief by another party, it may not sua sponte award summary judgment if no party has moved for summary judgment . . . , unless it appears from a reading of the parties' papers that they were deliberately charting a course for summary judgment by laying bare their proof" (Case v Cayuga County, 60 AD3d 1426, 1427-1428 [4th Dept 2009], lv dismissed 13 NY3d 770 [2009] [internal quotation marks omitted]). Here, contrary to plaintiffs' contention, it does not appear that the parties were deliberately charting a course for summary judgment. Indeed, the only motion pending before the court was the oral motion of defendant and decedent for, inter alia, a hearing. Therefore, we reverse the order and judgment in appeal No. 4 and remit the matter for a hearing on whether the property may be partitioned without undue prejudice and for an accounting. The accounting shall be held "before interlocutory judgment is rendered" (RPAPL 911 [emphasis added]; see Tuminno v Waite, 110 AD3d 1456, 1457-1458 [4th Dept 2013]; Colley v Romas, 50 AD3d 1338, 1340 [3d Dept 2008]; Grossman v Baker, 182 AD2d 1119, 1119 [4th Dept 1992]).
Further, contrary to plaintiffs' contention, we conclude that in appeal No. 4 defendant submitted the "papers and other exhibits upon which the judgment or order was founded" (CPLR 5526).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court