■ DAVIS ACOUSTICAL CORP., Respondent, v. NATIONAL SURETY CORPORATION, Appellant.— *Per Curiam.* Appeal from an order and judgment of Special Term which granted to respondent subcontractor summary judgment against the appellant surety company for the amounts claimed to be due from a defaulting general contractor. Appellant now limits its claim to the four items to be discussed. In our view, there was insufficient proof, for purposes of summary judgment at least, of the first three items amounting to $1,985.44, $160 and $144, respectively. As to the remaining item of $2,160 the appellant raises the issue that arbitration is required because it was agreed, as the appellant urges that the documentary evidence indicates,

that the work involved in the instant item would be performed subject to determination, under the arbitration clause of the contract, as to whether such work was included ·in the contract or was extra work not so comprehended. The appellant served an answer to the respondent's complaint, submitted an affidavit in opposition to the motion for summary judgment, appealed from the summary judgment, submitted a record and brief on this appeal and at no time moved for an order compelling arbitration, the granting of which would automatically have stayed the action (CPLR 7503, subd [a]), and hence has proceeded so far in the defense of the action that arbitration has been waived. However, it appears, or at least it could be found, from the documentary evidence that it was the general contractor's position that the work, for which an invoice of $2,160 was later submitted, was required by the contract and that it authorized its performance only subject to arbitration. A factual issue is presented as to whether the work involved was in fact extra work for which the appellant is entitled to claim payment. We find no merit in appellant's additional contention, which relates to interest. The obligation of the payment and performance bond was that the contractor " shall pay all lawful claims of subcontractors ". Order and judgment modified, on the law and the facts, by reducing the award by $4,449.44, with appropriate interest and costs, and by directing trial of the claims for items aggregating $4,449.44; and, as modified, affirmed, without costs. Settle order. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.