■ In the Matter of ROBERT J. REED et al., Respondents, v ROBERT COHEN, Appellant.—In a proceeding pursuant to CPLR 7503 for a permanent stay of arbitration, Robert Cohen appeals from a judgment of the Supreme Court, Nassau County (Levitt, J.), dated December 14, 1984, which, upon reargument, granted the petition.

Order affirmed, with costs.

The claims asserted by Robert Cohen in his demand for arbitration arose out of the same transaction or series of transactions as those claims that were settled at the conclusion of a prior 13-year-long litigation in the Surrogate's Court. Although some of the alleged wrongdoings asserted in the arbitration demand occurred after Cohen filed a supplemental complaint in the prior proceeding, matters of proof relating to these claims were admitted into evidence during the trial in that proceeding (see, Smith v Russell Sage Coll., 54 NY2d 185), and were before the Surrogate when he approved the settlement agreement and issued the settlement decree which provided, inter alia, that the settlement was intended to encompass "all of the issues raised, or which could have been raised, in this litigation". Clearly, the intention of the parties when entering into that agreement was to put an end to the controversies arising from the alleged conflicts of interest of the petitioners and others. By demanding arbitration, Cohen was attempting to rekindle the precise controversies settled in the prior litigation. Thus, Special Term did not err in permanently staying the arbitration by giving res judicata effect to the Surrogate's decree (see, O'Brien v City of Syracuse, 54 NY2d 353; Matter of Reilly v Reid, 45 NY2d 24; Kret v Brookdale Hosp. Med. Center, 93 AD2d 449, affd 61 NY2d 861; Matter of De Chiaro, 35 Misc 2d 485).

Furthermore, the same issue lies at the heart of both the prior litigation and the arbitration proceeding. By commencing and pursuing the prior litigation over an extended period of time, Cohen clearly manifested his intention to pursue his claims through the judicial process rather than to settle them

through arbitration *(see, Sherrill v Grayco Bldrs.,* 64 NY2d 261). Thus, Special Term's judgment permanently staying arbitration is also affirmed on the basis that Cohen waived his right to arbitrate the claims asserted in the demand for arbitration. Mangano, J. P., Thompson, Niehoff and Rubin, JJ., concur.