■ JACK SCHWARTZ, Respondent, v PAUL SCHMERGEL et al., Defendants, and BRUCE KELLER et al., Appellants.—In an action to recover damages for breach of a limited partnership agreement and breach of fiduciary duty, the defendants Bruce Keller and Randall Keller, as executors of the estate of Frank J. Keller, appeal from an order of the Supreme Court, Nassau County (Oppido, J.), dated September 5, 1985, which denied their motion to dismiss the plaintiff's complaint as against them.

Order affirmed, with costs.

The appellants have not demonstrated a prima facie defense of equitable estoppel, as they have not shown how their decedent relied to his detriment upon the plaintiff's purportedly fraudulent assignment of his interest in the limited partnership to his son (see, Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184). The alternative ground upon which the appellants seek dismissal of the plaintiff's complaint as against them, the existence of an arbitration clause in the limited partnership agreement, is not a

defense *(see, De Sapio v Kohlmeyer,* 35 NY2d 402, 404; *American Reserve Ins. Co. v China Ins. Co.,* 297 NY 322, 326-327). In any event, the appellants waived their right to arbitrate by virtue of their active participation in the litigation for several years prior to demanding arbitration *(see, Sherrill v Grayco Bldrs.,* 64 NY2d 261; *De Sapio v Kohlmeyer, supra,* p 405). Bracken, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.