■ JULES MILLER, Respondent, v ANTHONY MACRI et al., Appellants.—In an action, *inter alia,* for specific performance of certain provisions of a stockholders' agreement, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Roberto, J.), dated December 9, 1986, which granted the plaintiff's motion to enjoin them from interfering with the plaintiff's rights under the stockholders' agreement pending an arbitration of the dispute, and (2) an order of the same court, dated December 10, 1986, which denied their motion to stay the plaintiff's demand for arbitration and to enjoin the plaintiff from arbitrating the dispute between the parties.

Ordered that the order dated December 9, 1986 is modified, by deleting the final two paragraphs thereof, which granted the plaintiff's motion for a preliminary injunction and di-

rected the plaintiff to file an undertaking, and substituting therefor the following: "The parties are directed to proceed to arbitration with all convenient speed"; as so modified, the order is affirmed; and it is further,

Ordered that the order dated December 10, 1986 is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Pursuant to a stockholders' agreement dated August 1, 1985, the plaintiff and the individual defendants became the sole owners, officers, and directors of the defendant corporations. The plaintiff became ill in February 1986, and was hospitalized for a kidney transplant on October 4, 1986. By letter from the defendant Sherwood Greenberg, dated October 16, 1986, sent on behalf of all the defendants, the plaintiff was notified that he had been terminated from his employment with the defendant corporations. On October 24, 1986, while still in the hospital, the plaintiff signed an affidavit in support of a motion for a preliminary injunction prohibiting the defendants from interfering with the plaintiff's rights pursuant to the stockholders' agreement with respect to the disability of the stockholders. The motion was also supported by a complaint which, *inter alia,* sought a declaration that the defendants had no right to terminate the plaintiff's employment. None of the papers submitted in support of the motion made reference to clause XIII (E) of the stockholders' agreement, which provided that any controversy or claim arising out of the agreement that cannot be settled by the parties shall be settled by arbitration. The affidavits dated October 31, 1986, submitted by the defendants in opposition to the plaintiff's motion, contended that the court lacked jurisdiction to entertain the motion due to the arbitration clause in the agreement. The defendants also submitted an answer, dated November 11, 1986, which interposed an affirmative defense of lack of jurisdiction based on the arbitration clause. However, on November 14, 1986, the plaintiff served a demand for arbitration on the defendants, and the plaintiff then submitted affidavits requesting the court to construe his papers, including the verified complaint, as an application for preliminary injunctive relief in aid of arbitration pursuant to CPLR 7502 (c). The defendants opposed this application both with papers submitted in opposition to the plaintiff's motion and by moving to vacate the plaintiff's demand for arbitration, on the ground that the plaintiff had waived his right to arbitration by commencing a lawsuit. The court rejected the defendants' contention. We agree.

It is well settled that a party will not waive the right to arbitration merely by moving "in court for protective relief in order to preserve the *status quo* while at the same time exercising its right under the contract to demand arbitration" *(Preiss/Breismeister Architects v Westin Hotel Co.,* 56 NY2d 787, 789). Under the circumstances of this case, where the plaintiff was hospitalized both at the time he was notified that his employment had been terminated and at the time he moved for a preliminary injunction by order to show cause, the short lapse of time between the motion and the service of the demand for arbitration, the absence of activity in the action other than the two applications for provisional remedies, and the reliance by the defendants upon the arbitration clause up to only three days prior to the service by the plaintiff of the demand for arbitration, the plaintiff's actions did not amount to a waiver of his right to arbitrate *(see, Sherrill v Grayco Bldrs.,* 64 NY2d 261, 273; *cf., Schwartz v Schmergel,* 121 AD2d 527; *Matter of Reed v Cohen,* 120 AD2d 598, *lv denied* 68 NY2d 608).

However, due to the plaintiff's failure to establish that he would suffer anything other than pecuniary loss if the defendants were not enjoined from interfering with his rights under the stockholders' agreement, the court erred in granting the plaintiff a preliminary injunction.

Thus, we find that the interests of justice would best be served by an expeditious resolution of this dispute. Accordingly, the parties are directed to proceed to arbitration with all convenient speed. Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.