■ DIGITRONICS INVENTIONEERING CORPORATION, Doing Business as SIXNET, Appellant, v DANIEL JAMESON, Respondent. [783 NYS2d 678]—

Cardona, P.J. Appeal from an order of the Supreme Court (Williams, J.), entered August 29, 2003 in Saratoga County, which, inter alia, denied plaintiff's motion for a preliminary injunction.

Defendant was employed by plaintiff, a corporation that sells computer network hardware, from October 1996 through April 2003. In March 2002, defendant was promoted to strategic alliance manager and, as a condition of that promotion, signed, for the first time, an employment agreement containing a noncompetition covenant. The covenant sought to protect plaintiff's confidential information and provided that, inter alia, for a period of one year following defendant's termination of employment, defendant would not interfere with or solicit plaintiff's customers or employees, and defendant would not seek employment with any other company in plaintiff's industry. The terms

of the agreement stated that it was renewable annually, however, the parties did not formally do that when it expired at the end of December 2002, although defendant continued to work for plaintiff.* On April 3, 2003, plaintiff's president sent defendant a memorandum indicating, among other things, that plaintiff was "actively looking to hire a new person" and defendant would no longer be paid pursuant to the employment agreement. Defendant terminated his employment on April 28, 2003 after accepting a position with another company, allegedly one of plaintiff's competitors.

Thereafter, plaintiff initiated this action seeking, among other things, to enjoin defendant from seeking employment with any company in plaintiff's industry for a period of one year from April 28, 2003. Plaintiff also sought to have defendant return any confidential information and materials acquired by him during his employment with plaintiff. Supreme Court found that since plaintiff had repudiated the agreement prior to defendant's departure, plaintiff had a low likelihood of success on the merits. Accordingly, the court did not grant plaintiff's request for injunctive relief, however, it did direct defendant to forward any confidential information in his possession to plaintiff. Plaintiff appeals.

Initially, as acknowledged by plaintiff, its appeal from the denial of its request for injunctive relief has been rendered moot because more than one year has elapsed from the date that defendant terminated his employment with plaintiff (*see Matter of Elmore v Mills*, 296 AD2d 704, 705-706 [2002]). Plaintiff's sole argument on appeal is that Supreme Court allegedly erred in finding that plaintiff repudiated the employment agreement through its anticipatory breach. Although Supreme Court did discuss the repudiation issue, it was clearly in the context of deciding plaintiff's motion for injunctive relief. Notably, "[t]he granting or refusal of a temporary injunction does not constitute the law of the case or an adjudication on the merits" (*Papa Gino's of Am. v Plaza at Latham Assoc.*, 135 AD2d 74, 77 [1988]; *see Preston Corp. v Fabrication Enters.*, 68 NY2d 397, 402 [1986]; *Matter of Steck v Jorling*, 182 AD2d 937, 939 [1992], *appeal dismissed* 80 NY2d 893 [1992]). Accordingly,

---

* Although defendant later argued that the expiration of the contract relieved him of all obligations, Supreme Court rejected that argument, finding that, since defendant continued to work for plaintiff following the agreement's expiration, the law presumes that he was "serving under a new contract having the same terms and conditions as the original one . . . and provisions and restrictions forming essential parts of the original contract, even though collateral to the employment itself, continue[d] in force" (*Borne Chem. Co. v Dictrow*, 85 AD2d 646, 648 [1981] [citations omitted]).

while the denial of the request for injunctive relief may be moot, plaintiff can nevertheless pursue its arguments in the underlying action for damages, and the issue of repudiation may be addressed at that time.

Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.