DIGITRONICS INVENTIONEERING CORPORATION, Doing Business as SIXNET, Appellant, v DANIEL JAMESON, Respondent.
[860 NYS2d 303]—

Cardona, P.J. Appeal from an order of the Supreme Court (Williams, J.), entered March 23, 2007 in Saratoga County, which, among other things, denied plaintiff's cross motion to compel arbitration between the parties.

Defendant was employed by plaintiff, a corporation that sells computer network hardware, from October 1996 through April 2003. In March 2002, defendant was promoted to strategic alliance manager and, in connection with that promotion, signed an employment agreement containing a noncompetition covenant. The agreement set forth that it was renewable annually, however, after the contract expired at the end of December 2002, the parties did not execute a written renewal agreement although defendant continued to work for plaintiff. Subse-

quently, on April 25, 2003, defendant notified plaintiff that he was terminating his employment and that he had accepted a position with another company, purportedly one of plaintiff's competitors. On April 28, 2003, defendant ceased working for plaintiff.

In May 2003, plaintiff commenced this action alleging that defendant had breached the employment agreement. Plaintiff's subsequent motion for a preliminary injunction was denied and this Court dismissed plaintiff's appeal therefrom as moot (11 AD3d 783, 784-785 [2004]). In November 2006, defendant moved for summary judgment and plaintiff cross-moved to compel arbitration pursuant to CPLR 7503 (a). Supreme Court denied both motions and this appeal by plaintiff ensued.

The sole issue before us is the propriety of the denial of plaintiff's cross motion to compel arbitration. We note that, while the parties dispute whether there was a clear agreement to arbitrate under the March 2002 employment agreement, resolution of that issue is unnecessary inasmuch as we agree with Supreme Court that plaintiff waived the right to assert any such claim by its own conduct. Specifically, a party commencing an action may generally be assumed to have waived its right to arbitration when its use of the judicial process is " 'clearly inconsistent' " with it seeking arbitration at a later date (*Stark v Molod Spitz DeSantis & Stark, P.C.*, 9 NY3d 59, 66 [2007], quoting *Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 372 [2005]; *see De Sapio v Kohlmeyer*, 35 NY2d 402, 405 [1974]).

Here, it is significant that plaintiff not only failed to request arbitration when it commenced the action in 2003, instead waiting until 2006 to do so, it also actively participated in the litigation in the interim (*see Great N. Assoc. v Continental Cas. Co.*, 192 AD2d 976, 978-979 [1993]; *see also Sherrill v Grayco Bldrs.*, 64 NY2d 261, 273 [1985]; *Schwartz v Schmergel*, 121 AD2d 527, 528 [1986]). While plaintiff correctly points out that it is not considered a waiver to utilize the judicial process merely to preserve the status quo while awaiting arbitration (*see Stark v Molod Spitz DeSantis & Stark, P.C.*, 9 NY3d at 67), in this case, plaintiff did not simply commence this litigation for the purpose of obtaining an injunction. Plaintiff also sought monetary damages and other affirmative relief. Furthermore, as indicated above, after injunctive relief was denied, plaintiff waited a lengthy period before seeking arbitration in 2006. Additionally, plaintiff took further actions inconsistent with an intent to seek arbitration by, among other things, submitting affidavits opposing defendant's motion for summary judgment (*see Davis Acoustical Corp. v National Sur. Corp.*, 24 AD2d 523, 524 [1965];

5 NY Jur 2d, Arbitration and Award § 103). Given these and other circumstances demonstrating that plaintiff waived the right to demand arbitration, we agree with Supreme Court's determination to deny the motion to compel arbitration.

Plaintiff's remaining contentions have been reviewed and found to be without merit.

Spain, Carpinello, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.