# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1001**
**CA 12-02121**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

SYSCO SYRACUSE, LLC, PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

STUART EGAN, III, AND MAINES PAPER & FOOD
SERVICE, INC., DEFENDANTS-APPELLANTS.

---

LAW FIRM OF FRANK W. MILLER, EAST SYRACUSE (JOHN A. SICKINGER OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

CONNORS & VILARDO, LLP, BUFFALO (VINCENT E. DOYLE, III, OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered November 8, 2012. The order
granted plaintiff a preliminary injunction, which was effective until
March 29, 2013, prohibiting defendant Stuart Egan, III from soliciting
or assisting anyone else to solicit certain customers of plaintiff
that Egan serviced during his last year of employment with plaintiff.

It is hereby ORDERED that said appeal is unanimously dismissed
without costs.

Memorandum: Plaintiff commenced this action seeking to enforce
certain provisions of an employment agreement and thereafter moved for
injunctive relief. Supreme Court granted a preliminary injunction,
which was effective until March 29, 2013, prohibiting defendant Stuart
Egan, III from soliciting or assisting anyone else to solicit certain
customers of plaintiff that Egan had serviced during the last year of
his employment with plaintiff. Inasmuch as the challenged injunction
has expired, we dismiss defendants' appeal as moot (*see H. Meer Dental
Supply Co. v Commisso*, 269 AD2d 662, 663; *see also Confidential
Brokerage Servs., Inc. v Confidential Planning Corp.*, 85 AD3d 1268,
1270 n 2; *Interface Solutions, Inc. v Donoghue*, 37 AD3d 1127, 1128).
Contrary to defendants' contention, this case does not fall within an
exception to the mootness doctrine (*see generally Matter of Hearst
Corp. v Clyne*, 50 NY2d 707, 714-715). Defendants contend that the
appeal is not moot because the issuance of the injunction "directly
bears upon the matters at issue in the plenary action." We reject
that contention inasmuch as " '[t]he granting or refusal of a
temporary injunction does not constitute the law of the case or an
adjudication on the merits' " (*Digitronics Inventioneering Corp. v*

*Jameson*, 11 AD3d 783, 784).

Entered:  September 27, 2013

Frances E. Cafarell
Clerk of the Court