Matter of New Roots Charter Sch. (Ferreira) (2020 NY Slip Op 02223)





Matter of New Roots Charter Sch. (Ferreira)


2020 NY Slip Op 02223


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

528673

[*1]In the Matter of the Arbitration between New Roots Charter School, Appellant, and David Ferreira et al., Respondents.

Calendar Date: February 11, 2020

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Coughlin & Gerhart, LLP, Binghamton (Robert H. McKertich of counsel), for appellant.
Robert T. Reilly, General Counsel, New York State United Teachers, Latham (Elizabeth R. Schuster of counsel), for respondents.



Pritzker, J.
Appeal from an order of the Supreme Court (Faughnan, J.), entered January 17, 2019 in Tompkins County, which, among other things, denied petitioner's application pursuant to CPLR 7503 to permanently stay arbitration between the parties.
Respondent David Ferreira is a former music teacher employed by petitioner and a member of respondent New Roots Charter School Instructional Staff Association (hereinafter NRCSISA) until he was placed on immediate administrative leave in March 2018 pending an investigation of allegations of misconduct. Then, in April 2018, Ferreira was terminated on six grounds based upon various acts of misconduct, including inappropriate conduct with former students and making false and/or misleading statements on his resume and on disciplinary referrals. That same day, Ferreira commenced the first of three legal proceedings challenging his termination, a CPLR article 78 proceeding against petitioner and Tina Nilsen-Hodges, as petitioner's principal and superintendent, seeking, among other things, immediate reinstatement of his employment.[FN1] Approximately one week later, in May 2018, pursuant to a collective bargaining agreement (hereinafter CBA) between petitioner and NRCSISA, Ferreira commenced the second legal proceeding challenging his termination by filing a grievance alleging a violation of an article of the CBA that provides that "[no] employee shall be disciplined or dismissed . . . without just cause." Meanwhile, while the CPLR article 78 proceeding was pending and the grievance process was ongoing, in June 2018, Ferreira commenced the third legal proceeding, an action at law, challenging his termination by filing a notice of claim against petitioner and Nielsen-Hodges, as well as Jhakeem Haltom, the Director of Student Life, setting forth seven claims, including a claim for breach of contract. Then, in September 2018, after petitioner's Board of Trustees denied the final step of the CBA's multistep grievance process, Ferreira gave written notice of his intent to have a neutral third party arbitrate his grievance. Shortly thereafter, petitioner commenced this proceeding to permanently stay arbitration between the parties pursuant to CPLR 7503 (b). Respondents cross-moved to, among other things, compel arbitration. Supreme Court denied petitioner's application for a stay and granted Ferreira's cross motion to compel. Petitioner appeals.[FN2]
Petitioner contends that Supreme Court erred in denying its application for a permanent stay of arbitration because Ferreira waived his right to arbitration when he chose to litigate the issue of his termination through both a CPLR article 78 proceeding and an action at law. "Generally, when addressing waiver, courts should consider the amount of litigation that has occurred, the length of time between the start of the litigation and the arbitration request, and whether prejudice has been established" (Cusimano v Schnurr, 26 NY3d 391, 400 [2015] [citation omitted]). Moreover, the Court of Appeals has found no waiver where the ultimate objective of multiple procedures is the same, but the grounds urged for relief are discrete (see Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Pub. School Teachers Assn.], 35 NY2d 599, 606 [1974]).
Here, Ferreira waived his right to arbitrate because he chose to pursue an action at law asserting virtually the same grounds for relief and remedies sought in the arbitration. His notice of claim, alleging breach of contract, was filed approximately three months prior to his request for arbitration. An action was thereafter commenced, which was still pending at the time of oral argument, and, "[b]y commencing an action at law involving arbitrable issues, [Ferreira] waived whatever right [he] had to arbitration" (Matter of Village of Bronxville v Bronxville Police Taylor Act Comm., 171 AD3d 932, 934 [2019] [internal quotation marks and citations omitted]; accord Matter of City of Yonkers v Yonkers Firefighters, 165 AD3d 795, 796 [2018]). Although use of litigation to preserve the status quo while awaiting arbitration does not effectuate waiver, Ferreira did not merely seek an equitable relief; rather, he sought monetary damages and other affirmative relief as a result of the termination of his employment and petitioner's alleged violation of the CBA (see Digitronics Inventioneering Corp. v Jameson, 52 AD3d 1099, 1100 [2008]). Under the circumstances, the application to permanently stay arbitration should have been granted on this ground (see Matter of Village of Bronxville v Bronxville Police Taylor Act Comm., 171 AD3d at 934; Matter of City of Yonkers v Yonkers Firefighters, 165 AD3d at 796; Johanson Resources v LaVallee, 271 AD2d 832, 835-836 [2000]), and respondents' cross motion to compel should have been denied. As such, the remainder of petitioner's arguments are academic.
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, petitioner's application to permanently stay arbitration granted and respondents' cross motion to compel arbitration denied.



Footnotes

Footnote 1: Initially, the CPLR article 78 proceeding challenged his placement on administrative leave. It was later amended to add unlawful discharge as a basis for relief.

Footnote 2: This Court denied a motion by petitioner seeking to supplement the record on appeal with certain documents and granted a cross motion by respondents seeking to exclude these same documents from the record (2019 NY Slip Op 76116[U] [2019]). Despite this decision, in its brief, petitioner asks this Court to take judicial notice of these documents. However, in light of our denial of petitioner's motion, we have not considered those portions of petitioner's brief that reference and quote to those documents (see CPLR 5528).