Smith v Smith (2023 NY Slip Op 03576)

Smith v Smith

2023 NY Slip Op 03576

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND MONTOUR, JJ.

181 CA 21-01407

[*1]CHRISTOPHER SMITH AND MICHAEL SMITH, AS TRUSTEES OF THE JAY AND PATRICIA SMITH IRREVOCABLE TRUST, PLAINTIFFS-RESPONDENTS,
v
ANNA J. SMITH, AS TRUSTEE OF THE THEODORE P. SMITH INCOME ONLY IRREVOCABLE TRUST, AND ANNA JANE SMITH, AS EXECUTOR OF THE ESTATE OF THEODORE P. SMITH, DECEASED, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

LAW OFFICES OF ANNA SMITH, HERKIMER (ANNA J. SMITH OF COUNSEL), FOR DEFENDANT-APPELLANT.
BOND, SCHOENECK & KING PLLC, SYRACUSE (KEVIN G. COPE OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Herkimer County (John H. Crandall, A.J.), entered September 28, 2021. The order, among other things, granted that part of plaintiffs' motion seeking a preliminary injunction. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of plaintiffs' motion seeking a preliminary injunction and as modified the order is affirmed without costs.
Memorandum: These appeals involve real property owned by the Jay and Patricia Smith Irrevocable Trust and the Theodore P. Smith Income Only Irrevocable Trust as tenants in common. Pursuant to a verbal lease agreement, defendant, who is the trustee of the Theodore P. Smith Income Only Irrevocable Trust and the executor of the estate of Theodore P. Smith, operates a commercial and tourist mining enterprise on the property for the mining of "Herkimer Diamonds," a variety of quartz crystal, as well as a campground. When the parties were unable to agree on the terms for the continued operation of the mine, plaintiffs, who are trustees of the Jay and Patricia Smith Irrevocable Trust, commenced this action seeking, inter alia, a judgment directing that the property be sold. Plaintiffs also moved for a temporary restraining order and a preliminary injunction halting all mining operations during the pendency of the action. In appeal No. 1, defendant appeals from an order modifying a temporary restraining order. In appeal No. 2, defendant appeals from an order denying her cross-motion seeking, among other things, to determine the action in accordance with RPAPL 993, granting in part the motion of plaintiffs for a preliminary injunction, and, inter alia, enjoining defendant from conducting commercial mining on the property during the pendency of the action.
In appeal No. 1, we conclude that defendant's appeal must be dismissed as moot inasmuch as "the temporary restraining order has by its very nature expired and has been superseded by the [preliminary] injunction" that was granted in the order in appeal No. 2 (Stubbart v County of Monroe, 58 AD2d 25, 29 [4th Dept 1977], lv denied 42 NY2d 808 [1977]; see Sysco Syracuse, LLC v Egan, 109 AD3d 1214, 1215 [4th Dept 2013]; see generally Board of Educ. of City School Dist. of City of Buffalo v Pisa, 55 AD2d 128, 135 [4th Dept 1976]).
In appeal No. 2, defendant contends that Supreme Court erred in denying that part of the cross-motion seeking a determination that the property is heirs property subject to the Uniform Partition of Heirs Property Act (RPAPL 993). We reject that contention. "When presented with [*2]a question of statutory interpretation, a court's primary consideration is to ascertain and give effect to the intention of the Legislature" (Nadkos, Inc. v Preferred Contrs. Ins. Co. Risk Retention Group LLC, 34 NY3d 1, 7 [2019] [internal quotation marks omitted]). "[T]he statutory text is the clearest indicator of legislative intent and . . . a court should construe unambiguous language to give effect to its plain meaning" (id. [internal quotation marks omitted]). Under the RPAPL, "[i]n any action to partition real property, the court shall determine, after notice and a right to be heard afforded to each party, whether the property is heirs property. If the court determines that the property is heirs property, the property shall be partitioned in accordance with this section unless all of the co-tenants otherwise agree in a record" (RPAPL 993 [3] [b]). " 'Heirs property' " is defined as "real property held in tenancy in common which satisfies all of the following requirements as of the filing of a partition action," including, as relevant here, that "(i) there is no agreement in the record binding all of the co-tenants which governs partition of the property; (ii) any of the co-tenants acquired title from a relative, whether living or deceased; [and] (iii) the property is used for residential or agricultural purposes" (RPAPL 993 [2] [e]). Thus, contrary to defendant's contention, the plain text of the statute restricts its application to property that "is used for residential or agricultural purposes" (RPAPL 933 [2] [e] [iii]). Even assuming, arguendo, that defendant established all of the other requirements of the statute, the court properly denied that part of the cross-motion seeking a determination that RPAPL 993 is applicable because the property is not used for residential or agricultural purposes.
However, we agree with defendant that the court abused its discretion in granting that part of plaintiffs' motion seeking a preliminary injunction, and we therefore modify the order in appeal No. 2 accordingly. "A preliminary injunction is an extraordinary provisional remedy to which a plaintiff is entitled only on a special showing" (Margolies v Encounter, Inc., 42 NY2d 475, 479 [1977]). "[T]he party seeking the injunction must establish, by clear and convincing evidence . . . , three separate elements: (1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor" (Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp., 69 AD3d 212, 216 [4th Dept 2009] [internal quotation marks omitted]; see Doe v Axelrod, 73 NY2d 748, 750 [1988]). "The decision to grant or deny provisional relief, which requires the court to weigh a variety of factors, is a matter ordinarily committed to the sound discretion of the lower courts" (Doe, 73 NY2d at 750), and will not be disturbed absent a "showing of an abuse of discretion" (Destiny USA Holdings, LLC, 69 AD3d at 216 [internal quotation marks omitted]). Here, plaintiffs failed to establish a likelihood of success on the merits of the action inasmuch as plaintiffs presented no evidence that partition of the property would result in great prejudice to the owners (see RPAPL 901 [1]; Perretta v Perretta, 143 AD3d 878, 879 [2d Dept 2016]; Tuminno v Waite, 110 AD3d 1456, 1457 [4th Dept 2013]; cf. Lane v Tyson, 133 AD3d 530, 531 [1st Dept 2015], lv dismissed 27 NY3d 1033 [2016]; Loughran v Cruickshank, 8 AD3d 799, 800 [3d Dept 2004]).
Nor did plaintiffs establish that irreparable injury would result if provisional relief was withheld. It is well settled "that [i]rreparable injury, for purposes of equity, . . . mean[s] any injury for which money damages are insufficient" (Eastview Mall, LLC v Grace Holmes, Inc., 182 AD3d 1057, 1058 [4th Dept 2020] [internal quotation marks omitted]; see Mar v Liquid Mgt. Partners, LLC, 62 AD3d 762, 763 [2d Dept 2009]). Plaintiffs put forward no evidence establishing that the alleged harm caused by continuing the mining operation while the action was pending—i.e., a reduction of the amount of crystals contained within the property prior to a sale or partition—could not be ameliorated by monetary damages. Indeed, any assertion to that end is belied by the fact that the parties had previously agreed to an amount of money meant to compensate plaintiffs for defendant's operation of the mine from 2013 through 2020.
Finally, the balance of the equities weighs in defendant's favor. "In balancing the equities, a court must inquire into whether the irreparable injury to be sustained . . . is more burdensome [to the plaintiff] than the harm caused to [the] defendant through imposition of the injunction" (Eastview Mall, LLC, 182 AD3d at 1059 [internal quotation marks omitted]). "[W]here it is demonstrated . . . that the defendant[] would likely suffer more damage than the plaintiff[], a preliminary injunction should not be issued" (Price Paper & Twine Co. v Miller, 182 AD2d 748, 750 [2d Dept 1992]). Here, we conclude that the harm defendant will suffer if the preliminary injunction is in place is more burdensome than the harm to plaintiffs in the absence of an injunction inasmuch as defendant established that the temporary restraining order [*3]had negatively impacted the business, which had been operating on the property for decades, and defendant was willing to increase the payment made to plaintiffs as "rent," and to memorialize certain mining restrictions in writing shortly before the proceeding was commenced.
In light of our determination, defendant's remaining contention in appeal No. 2 is academic.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court